UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| RICHARD D. WYATT,<br>ON BEHALF OF HIMSELF AND<br>ALL OTHERS SIMILIARLY SITUATED,<br><br>          Plaintiff,<br><br>   -against-<br><br>KIRSCHENBUM & PHILLIPS, PC A/K/A,<br>KIRSCHENBAUM, PHILLIPS & LEVY, PC,<br>ELLIOT PHILLIPS, IRWIN KIRSCHENBAUM,<br>NEWBURYPORT CAPITAL LLC,<br>AND JOHN DOE, BEING THE<br>SUCCESSOR-IN-INTEREST TO<br>NEWBURYPORT CAPITAL LLC,<br><br>         Defendants. | }<br>}<br>}<br>}<br>} Civil Action No. 2:17-cv-03712-ADS-ARL<br>}<br>}<br>**}**<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>} |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Richard D. Wyatt [hereinafter "Wyatt"], on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendants, Kirschenbum & Phillips, PC a/k/a Kirschenbum Phillips & Levy, PC [hereinafter "K&P"], Elliot Phillips (hereinafter "Phillips"), Irwin Kirschenbaum (hereinafter "Kirschenbaum"), Newburyport Capital LLC (hereinafter "Newburyport"), and John Doe, Being the Successor-In-Interest to Newburyport Capital LLC (hereinafter "Doe"), collectively, individually and in any combination known as Defendants, and shows the court the following: and alleges as follows:

1.  This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2.  Venue in this district is proper based on K&P having a principal place of business located at 40 Daniel Street, Ste. 7, Farmingdale, NY 11735.

3.  Venue in this district also is proper based on K&P's regular transaction of business within this district.

4.  Venue in this district also is proper based on K&P possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district.

5.  KP also derives substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

6.  Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

7.  Wyatt is a natural person who currently resides in Tully, NY.

8.  Wyatt is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

9.  K&P is a professional corporation organized under the laws of the State of New York with a principal place of business at 40 Daniel Street, Ste. 7, Farmingdale, NY 11735.

10. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes any attorney-at-law or law firm engaging in traditional debt collection activity. See also Eric M. Berman, P.C. v. City of N.Y., 796 F.3d 171 (2nd Cir., 2015). K&P possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

11. As revealed from a search of the New York State Unified Court System eCourts website ("eCourts"), on a consistent and regular basis over a period of numerous years through the present K&P have acted as the attorney for a plaintiff in hundreds of consumer debt collection lawsuits.

12. On a consistent and regular basis over a period of numerous years through the present K&P, without using the courts, has collected and attempted to collect debts from consumers on behalf of banks and debt buyers.

13. Based upon the allegations in the above three paragraphs, the principal purpose of K&P is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another; and K&P is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

14. A debt collector as defined by the FDCPA, 15 USC 1692b (6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes an "individual". See 1 USC 1. 15 USC 1692b (6) contains specific exclusions; and an attorney who is an officer or employee of a law firm named after himself is not among those excluded.

15. Phillips is an "individual", an attorney and an owner of the "debt collector" K&P, a main financial beneficiary of "debt collector" K&P, an individual with a principal place of business located at "debt collector" K&P, and/or controls and/or supervises the debt

collection activities of "debt collector" K&P.  Phillips therefore is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Therefore, Phillips is a debt collector as defined by 15 USC 1692b (6) and 1 USC 1.

16. A debt collector as defined by the FDCPA, 15 USC 1692b (6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes an "individual".  See 1 USC 1.  15 USC 1692b (6) contains specific exclusions; and an attorney who is an officer or employee of a law firm named after himself is not among those excluded.

17. Kirschenbum is an "individual", an attorney and an owner of the "debt collector" K&P, a main financial beneficiary of "debt collector" K&P, an individual with a principal place of business located at "debt collector" K&P, and/or controls and/or supervises the debt collection activities of "debt collector" K&P.  Kirschenbum therefore is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Therefore, Kirschenbum is a debt collector as defined by 15 USC 1692b (6) and 1 USC 1.

18. On November 27, 2006, K&P, on behalf of Newburyport, filed a lawsuit against Wyatt in the Supreme Court of the State of New York, County of Broome, State of New York, under

Index No. CA2006-002572 (hereinafter "State Action") in an attempt to collect from Wyatt a debt allegedly due to Newburyport.

19. The alleged debt at issue in the State Action arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20. Per the Affidavit of Service annexed as Exhibit A, on 12/02/06, a process server named Issam Omar on behalf of American Legal Process allegedly server Wyatt with the Summons and Complaint in the State Action via his alleged compliance with the method for service of process allowed by New York CPLR 308 (2).

21. The Affidavit of Service indicates that it was signed by the process server Issam Omar; and this signature was notarized by William Singler.

22. K&P, on behalf of Newburyport, had the above Affidavit of Service filed with the above court as proof of service of the Summons and Complaint.

23. Wyatt was not served with the Summons and Complaint in the State Action as alleged in the aforementioned Affidavit of Service; and therefore, Wyatt did not file an Answer to the Summons and Complaint.

24. Per Exhibit B, on or about 08/07/07, K&P, on behalf of Newburyport, applied to the above court for a default judgment.

25. On 12/14/07, the above court approved the above application for a default judgment and issued a default judgment against Wyatt.

## FIRST CAUSE OF ACTION-CLASS ACTION

26. Wyatt repeats and realleges paragraphs 1-25 of this Complaint.

27. Sometime in 2009 and/or 2010, Kirschenbaum, Phillips, and K&P obtained knowledge that American Legal Process and William Singler, the person who acted as the Notary on the Affidavit of Service and the President of American Legal Process, had in thousands of instances provided to their clients affidavits of service containing false facts regarding the alleged service, false signatures, and false notarizations.  This included affidavits of service which claimed that Issam Omar had effectuated the service.

28. Sometime in 2009 and/or 2010, Kirschenbaum, Phillips, and K&P also obtained knowledge that William Singler had been charged with various crimes related to the aforementioned false affidavits of service.

29. Kirschenbaum, Phillips, and K&P knew that these aforementioned instances of false service and false affidavits of service occurred during the time period which included the date on which Wyatt allegedly was served with the State Action.

30. Kirschenbaum, Phillips, and K&P knew that these aforementioned instances of false service and false affidavits of service often involved lawsuits which were served in the manner in which the State Action allegedly was served on Wyatt, service pursuant to CPLR 308(2).

31. On or about June 23, 2010, K&P, under the authority of Kirschenbaum and Phillips entered into the Consent Order annexed as Exhibit C.

32. Upon information and belief, K&P never complied with the Consent Order as regards Wyatt; or, based in part upon the fact that the address for Wyatt set forth in Exhibit D issued in 2016 is the same as the address on Exhibit A and B which are dated in 2006 and 2007, K&P did not take proper steps to ascertain Wyatt's current address at the time it attempted to comply

with the Consent Order as regards Wyatt.

33. Wyatt never received or responded to any documents K&P may have sent Wyatt as required by the Consent Order.

34. Upon information and belief, prior to February 7, 2016, Doe, a "debt collector" as defined by 15 U.S.C. § 1692a(6), became the owner of the Judgment.

35. On or about February 7, 2016, K&P, on behalf of Doe, served a Restraining Notice dated February 7, 2016 on Bank of America in an attempt to find assets of Wyatt which could be restrained and then levied in order to enforce the aforementioned Judgment.

36. As a result of the aforementioned Restraining Notice, on or about March 10, 2016, Bank of America restrained Wyatt's account.

37. As a result of an Exemption Claim Form served by Wyatt, K&P, on behalf of Doe, released the aforementioned restrained account.

38. Upon information and belief, Kirschenbaum, Phillips, and K&P failed to conduct a meaningful attorney review prior to the issuance of both the aforementioned Restraining Notice.

39. Upon information and belief, K&P issued the aforementioned Restraining Notice despite knowing that the Judgment may have been obtained as a result of an aforementioned instance of false service and a false affidavit of service.

40. Subsequent to the aforementioned release of Wyatt's account at Bank of America, K&P, on behalf of Doe, has maintained the Judgment in the State Action; and upon information and belief, K&P failed to review the validity of the Judgment.

41. Kirschenbaum and Phillips authorized the aforementioned enforcement and maintenance of the Judgment.

42. Doe is vicariously liable for the actions of K&P as a result of Doe being a "debt collector", K&P having taken all the actions alleged in this Complaint as the "debt collector" for the "debt collector" Doe, via Doe's participation in the control and/or supervision of the actions of K&P as the "debt collector" for the "debt collector" Doe, via K&P being an agent of Doe, and/or via the attorney/client relationship between K&P and Doe.

43. As a result of the above alleged actions and omissions, Defendants have violated 15 USC § 1692f, 15 USC § 1692e, 15 USC § 1692 e(3), 15 USC § 1692e(10), 15 USC § 1692e(5), and 15 USC § 1692e(2)A.

**SECOND CAUSE OF ACTION**

44. Plaintiff repeats and re-alleges paragraphs 1-43 of this Complaint.

45. Upon information and belief, prior to the aforementioned issuance of the aforementioned Restraining Notice, Doe became the owner of the Judgment via an assignment.

46. New York state law requires an assignor of a judgment to notify the judgment debtor of its assignment of the judgment as a prerequisite to the legal right of an assignee of the judgment to use a legal device such as a restraining notice to attempt to enforce the assigned judgment.

47. Wyatt was never sent and/or never received any notification from the assignor of the assignment of the Judgment to Doe.

48. Upon information and belief, at the time K&P, on behalf of Doe, served the Restraining Notice upon Bank of America, neither K&P or Doe had the ability to produce proof of the aforementioned notification of the assignment of the Judgment.

49. Kirschenbaum and Phillips authorized the aforementioned issuance of the Restraining Notice notwithstanding the aforementioned absence of the aforementioned notice of assignment of the Judgment.

50. Doe is vicariously liable for the actions of K&P as a result of Doe being a "debt collector", K&P having taken all the actions alleged in this Complaint as the "debt collector" for the "debt collector" Doe, via Doe's participation in the control and/or supervision of the actions of K&P as the "debt collector" for the "debt collector" Doe, via K&P being an agent of Doe, and/or via the attorney/client relationship between K&P and Doe.

51. Based on the allegations set forth in this Cause of Action, Defendants violated 15 U.S.C. § 15 USC § 1692e, 15 USC § 1692 e(3), 15 USC § 1692e(10), 15 USC § 1692e(5), and 15 USC § 1692e(2)A., and 15 U.S.C. § 1692f.

## CLASS ALLEGATIONS

52. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b) (3).

53. The classes consist of

I.  (a) all natural persons (b) who Defendants within one year prior to the filing of this lawsuit have allowed to exist against them a default judgment obtained as a result of service of process by a process server employed by American Legal Process;

II. (a) all natural persons (b) against whom Defendants, within one year prior to the filing of this lawsuit, have issued a restraining notice or income execution in an attempt to enforce a default judgment obtained as a result of service of process by a process server employed by American Legal Process;

III. (a) all natural persons (b) against whom a judgment was obtained on behalf of Newburyport (c) where the judgment was sold, transferred, or assigned (d) where the assignor failed to notify the judgment debtor of the assignment, and (e) where within one year prior to the filing of this lawsuit Defendants attempted to enforce the default

judgment through the restraint, seizure or levy of property or assets or through an Income Execution; and/or

IV. (a) all natural persons (b) against whom Defendants, within one year prior to the filing of this lawsuit, attempted to enforce a judgment (c) where the assignor failed to notify the judgment debtor of the assignment.

54. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

55. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

56. The predominant common question is whether Defendants' practices violate the FDCPA.

57. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

58. A class action is the superior means of adjudicating this dispute.

59. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class members and against Defendants for:

1. Statutory damages ($1,000 for each plaintiff and the lesser of $500,000 or 1% of net worth for the class) and actual damages along with costs and attorney's fees for the violations of the FDCPA; and

2. Any and all other relief deemed just and warranted by this court.

Dated:          September 18, 2017


/s/ Mitchell L. Pashkin_____
Mitchell L. Pashkin, Esq.
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 692-7709